IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| *In re*:<br><br>PAUL F. ZACHARIAS SR. and<br>VIVIAN E. ZACHARIAS,<br><br>Debtors. | Case No. 19-11362<br><br>Chapter 7<br><br>JUDGE JESSICA E. PRICE SMITH<br><br>**CREDITOR NATALIE<br>LOCIGNO'S TRIAL BRIEF** |

**TRIAL BRIEF - OBJECTION TO HOMESTEAD EXEMPTION**

A debtor may exempt one item of real property -- provided it was his *principal* place of dwelling when he filed bankruptcy. *Ohio Rev. Code* § 2329.66(A)(1)(b), *In re Aubiel*, *In re Wengerd*, *In re Felgner*, *infra*.

The homestead exemption is codified in *Ohio Rev. Code* § 2329.66(A)(1)(b) and, in pertinent part, it provides that a debtor may claim as exempt "one parcel or item of real . . . property that the person . . . uses as a residence." "Residence" means the premises serve as the debtor's "*principal* place of dwelling." *In re Aubiel*, 534 B.R. 300, 305 (Bankr.6thCir.2015) (emphasis in original); *In re Aerni*, Bankr.N.D.Ohio No. 15-14892, at *4 (citing *In re Aubiel*).

In *In re Wengerd*, 453 B.R. 243, 249-250 (Bankr.6thCir.2011), the Sixth Circuit Bankruptcy Panel held that "[o]n the date they filed their petition for relief, the Debtors were using the Ohio home as their principal residence, and therefore, they are entitled to the homestead exemption as provided by Ohio Rev. Code § 2329.66(A)(1)(b)."

1

Similarly, in *In re Felgner*, Bankr.N.D.Ohio No. 11-32274, 2011 Bankr. LEXIS 4118, at *14 (Oct. 24, 2011), the United States Bankruptcy Court for the Northern District of Ohio held, "when determining a debtor's homestead for exemption purposes, the location of a debtor's residence is fixed at the time the bankruptcy case is filed; a debtor's future intent to abandon their homestead is not considered."

Here, Debtor Paul Zacharias Sr. cannot claim a homestead exemption in 10767 Gate Post because it was not his "*principal* place of dwelling" when he filed bankruptcy. *Id*.; *In re Wengerd and In re Aubiel*, *supra*. At the time he filed bankruptcy, Debtor Paul Zacharias Sr.'s "*principal* place of dwelling" was 19 Manning Street in Berea, Ohio, a residence he still resides in with his girlfriend and her family:

> Q. And when is -- when did you buy the house on Manning?
> A. That's a good question.
> Q. If I asked you if it was around 2002, would that help you any?
> A. Yeah. Around 2000, 2004. Yeah, it could have been 2002.
> Q. You recall that?
> A. It was a real -- I don't recall it. But it was a really long time ago. I know its been like 15 years, 16 years. So that would put it around that time.
> Q. Okay. That's how long you've been living there?
> A. No. No. No. I bought it for rental property.
> Q. Oh, for rental property?
> A. I rented it for a while, sure.
> Q. And to whom did you rent it?
> A. College kids. I don't remember their names or nothing now. But their parents signed the lease.
> Q. How long ago was that?
> A. A long time ago.
> **Q. And then you moved into it?**
> **A. Yes.**
> Q. And that was as a result of splitting up with your wife?

A. No, not splitting up. She was going through her emotions, I guess whatever girls go through when they get to be her age. She was about 50, 55 at the time. And I just moved into the other house and started staying there.
Q. And you had tenants living there with you?
A. Yes, I did.
**Q. And when was the last time you had tenants living <u>with you</u> on Manning?**
**A. There's still a girl living there now, paying electric and the gas, and her daughter and her daughter's boyfriend Joey. And I don't know Joey's last name.**
**Q. And what is your relationship with that tenant?**
**A. She's a good friend of mine, girlfriend like.**
**Q. She's a girlfriend like?**
**A. Uh-huh.**
**Q. When you referenced to her as a girlfriend like, what does that mean?**
**A. It means she's a girlfriend.**
**Q. She's your girlfriend?**
**A. Yeah.**
**Q. Okay. And you've <u>been living</u> with her since when?**
**A. Oh, seven, eight years now maybe, maybe more.**
…
**A. . . . But her and her boyfriend Joey, they're always staying at his house or <u>our house</u>.** They're always staying somewhere.
**Q. <u>Our house being yours on Manning</u>?**
**A. <u>Our house, yes, the one on Manning</u>, yes, where she [his girlfriend's daughter] was brought up.**
…
Q. Okay. And did you just start dating her [Kim Anderson] then?
A. Yeah, going out with her, uh-huh.
Q. Going out with her. What does that mean, going out with her?
A. Going out with her.
Q. Taking her out on a date?
A. Yeah.
Q. Okay. And you eventually became an item, the two of you? Do you know what that means?
A. Well, I don't know about an item. I'm still a married man. But, yes, I would make love with her, if that's what you're talking about, sure.
**Q. Okay. <u>And that would constitute the basis of your relationship, where you decided the two of you to live together on Manning</u>?**

3

**A. Well, <u>she asked if she could move in with me</u> with her children at the time. She had both her daughters. <u>And I said, yes.</u>**
…
**Q. All right. <u>Did that relationship [with Kim Anderson] come to an end?</u>**
**A. Between her and I?**
**Q. Yes.**
**A. <u>No</u>. She still -- she drove me here today.**

*Mr. Zacharias' Dep.* at 18-20, 23-24, 28-31.

Thus, when he filed bankruptcy, Debtor Paul Zacharias Sr.'s "*principal* place of dwelling" was the Manning home, not the Gate Post home. *In re Aubiel, In re Wengerd and In re Felgner*, *supra*. Indeed, at deposition, Debtor Paul Zacharias Sr. testified under oath that he has "been living" with Kim Anderson, his current girlfriend, at the Manning home for "seven, eight years **now** maybe, maybe more." *Mr. Zacharias' Dep.* at 18-20, 28-31. Therefore, at the time he filed this bankruptcy, Debtor Paul Zacharias Sr.'s "*principal* place of dwelling" was the Manning home. *In re Aubiel, In re Wengerd and In re Felgner*, *supra*. Accordingly, his claiming of the homestead exemption in the Gate Post home is unlawful.

Paul Zacharias Jr., who lives with his mom at Gate Post, confirmed that his dad has been living at the Manning home with Kim Anderson, his girlfriend: "Q. All right. Does anyone else live in the house on Gate Post besides you, your mom, your wife and your child? A. No other person lives there." *Mr. Zacharias Jr.'s Dep.* at 23. "Q. How long has your dad and Kim Anderson lived on Manning? MR. NEMETH: Objection. A: I don't know the answer, the full time. I don't know. I don't know when she moved in **with him**." *Id.* at 56. Paul Zacharias Jr. also testified:

> Q. How long have you lived at [10767 Gate Post]?
> A. Boy, well, it's been at least 12 -- I'm going to guesstimate 15 years.
> Q. And that's where your wife also resides?
> A. Correct.
> Q. And your child resides there?
> A. Correct.
> Q. Who else lives there with you?
> A. My mother.
> Q. And how long has your mother lived there with you?
> A. The whole time. I live with her. It's her house.
> Q. That's her house?
> A. Yeah.
> Q. Does anyone else live there with you?
> A. **My dad had moved his belongings there [to Gate Post]. And waiting to see what goes on with this**.
> Q. Before he takes his belongings out, is that the understanding?
> A. No. He's still taking care of the house on Manning.
> Q. All right. And he continues to live at the house on Manning, correct?
> A. **For the most part right now**.

*Id*. at 22-23. Thus, Debtor Paul Zacharias Sr.'s "*principal* place of dwelling" has been at Manning. *In re Aubiel*, *supra*. Debtor Paul Zacharias Sr. cannot, as a matter of law, make Gate Post his "*principal* place of dwelling" by moving "his belongings" to Gate Post. *Id*.; *Mr. Zacharias Jr.'s Dep*. at 22-23. Indeed, in *In re Felgner*, *supra*, the United States Bankruptcy Court for the Northern District of Ohio held that

> when determining a debtor's homestead for exemption purposes, the location of a debtor's residence is fixed at the time the bankruptcy case is filed; **a debtor's future intent to abandon their homestead is not considered**. Accordingly, in this case, the Debtors' future intent to establish a new residence cannot be used to create a homestead exemption in a property which did not constitute their primary residence at the time they filed for bankruptcy relief.

For the foregoing reasons, Creditor Natalie Locigno respectfully objects to Debtor Paul Zacharias Sr. claiming a homestead exemption in 10767 Gate Post.

Respectfully Submitted,

*/s/ Kevin M. Gross*
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
ZIPKIN WHITING CO., L.P.A.
The Zipkin Whiting Building
3637 South Green Road
Beachwood, Ohio 44122
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com
Phone: 216-514-6400
Fax: 216-514-6406
*Attorneys for Creditor Natalie Locigno*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **CREDITOR NATALIE LOCIGNO'S TRIAL BRIEF** was served upon the Parties via the Court's electronic filing system.

*/s/ Kevin M. Gross*
Kevin M. Gross (0097343)
*Attorney for Creditor Natalie Locigno*